S96A0582. FIELDS v. THE STATE.
(469 SE2d 184)

FLETCHER, Presiding Justice.

A jury convicted Roger Fields of the malice murder of Heather Davis, his 32-month-old stepdaughter.[1] He contends that he admitted hitting Heather only because police officers promised that he could attend her funeral. The trial court found that the police officers did not induce Fields' statement by any promise. Because the trial court correctly ruled that Fields' statement was voluntary and admissible, we affirm.

1. The state presented evidence that Fields was caring for Heather at home alone while her mother was working the night shift. In a tape-recorded statement, Fields told police that he hit Heather with his palm four to five times because she refused to put away her toys and go to sleep. He then asked to see his wife and mother and told them in front of the two officers that he had struck Heather. The

---

[1] The crime occurred on November 17-18, 1994, and a grand jury indicted Fields on February 28, 1995. The jury found Fields guilty and the trial court sentenced him to life imprisonment on July 12, 1995. Fields filed a motion for a new trial on July 15, 1995, which was denied on November 28, 1995. He filed a notice of appeal on December 15, 1995. The case was docketed on January 3, 1996, and submitted for decision without oral argument on February 26, 1996.

pathologist testified that Heather died from a blunt force injury to the head; a family practitioner testified that the swollen spot on the back of Heather's head could not have been caused by a fall from her bed, but was the result of a heavy blow. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Fields guilty of murder.[2]

2. In determining whether a defendant has made a voluntary statement, courts must look at the totality of the circumstances.[3] The relevant factors show that Fields was 20 years old when he was arrested and could read and write; he signed a form at the beginning of the police interview in which he acknowledged and waived his right to remain silent and to have an attorney present; he said in his tape-recorded statement that he wanted to talk to police without a lawyer present and the officers had not threatened him or promised him anything to get him to talk; and he was questioned for two hours by two officers while his wife and mother waited in another room at the police department. Although Fields contended at trial that he wanted an attorney present during the interview, both investigating officers testified that Fields mentioned obtaining an attorney, but changed his mind before they could ask any clarifying questions and stated that he did not want an attorney present. Based on the totality of the circumstances, we conclude that the trial court correctly found that police did not induce Fields to give his statement and properly admitted the statement into evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996.

*Straughan & Straughan, William T. Straughan,* for appellant.
*Timothy G. Vaughn, District Attorney, H. Frederick Mullis, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Gober v. State,* 264 Ga. 226, 228 (443 SE2d 616) (1994).